## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STACHE PRODUCTS, LLC,

     Plaintiff,

v.                                                      Case No. 3:24-cv-519-MMH-LLL

GREEN BROTHERS WHOLESALE
INC., d/b/a Mr. Green Wholesale
Florida,

     Defendant.

_____

## <u>O R D E R</u>

**THIS CAUSE** is before the Court on Plaintiff, Stache Products, LLC's,

Motion for Final Default Judgment and Incorporated Memorandum of Law

(Doc. 16; Motion), filed October 29, 2024. Stache initiated this action on May 21,

2024, alleging in a seven-count complaint that Defendant, Green Brothers

Wholesale Inc., infringed Stache's patents and trademark. <u>See</u> Complaint for

Patent Infringement, Trademark Infringement and Unfair Competition (Doc.

1; Complaint). In the Motion, Stache seeks entry of default judgment, a

permanent injunction, and an unquantified award of damages. <u>See</u> Motion at 2.

Green Brothers has not appeared in this action or filed a response in opposition

to the Motion. The Court previously granted Stache's request for the entry of a

Clerk's Default under Rule 55(a), Federal Rules of Civil Procedure (Rule(s)). <u>See</u>

Motion for Entry of Clerk's Default (Doc. 12), filed September 3, 2024; Entry of Default (Doc. 15), entered September 24, 2024. Accordingly, this matter is ripe for review.

## I.    Background[1]

Stache owns four patents (the Patents) for a vaporization rig (the Product), which is a device used for vaporizing cannabis products. Complaint ¶¶ 2–5, 7–13.[2] Three of the Patents disclose the Product's apparatus, and the fourth covers its ornamental design. Id. ¶¶ 7–13.[3] Stache embosses the Product with a trademark, "RIG IN ONE" (the Trademark). Id. ¶¶ 14–16. The Trademark is registered on the Principal Register for use in the marketing of "oral vaporizers for smoking purposes." See U.S. Trademark No. 7,079,618 (Doc. 1-5; Trademark Registration), at 2. Stache offers the product for sale on its

---

[1] In considering the Motion, the Court accepts all factual allegations in the Complaint as true, considers the well-pleaded factual allegations in the light most favorable to Stache, and accepts all reasonable inferences that can be drawn from such allegations. See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994).

[2] In the Complaint, Stache misnumbers the paragraphs by restarting the numbering at paragraph 2 after paragraph 7. See Complaint at 2–3. To make it easier to find the relevant allegations, the Court's citations to paragraph numbers correspond to the numbering that appears in the Complaint, and citations to paragraphs 2–7 refer to the second paragraphs labeled by those numbers.

[3] The claims of the Patents are described in the exhibits attached to the Complaint. See U.S. Patent No. 10,786,006 (Doc. 1-1; the '006 Patent), at 20–21 (listing the claims of the '006 Patent); U.S. Patent No. 11,497,244 (Doc. 1-2; the '244 Patent), at 21 (listing the claims of the '244 Patent); U.S. Patent No. 11,497,252 (Doc. 1-3; the '252 Patent), at 24–25 (listing the claims of the '252 Patent); U.S. Design Patent No. D872,933S (Doc. 1-4; the '933 Patent, or the Design Patent), at 3–8 (showing the design of the Product).

website. Complaint ¶ 3. The Product is depicted below, with the Trademark indicated by the red arrows:



Id. ¶ 16.

Green Brothers sells products that "operate identically" to the Product and are also branded with the phrase "RIG IN ONE" (the Accused Products). Id. ¶¶ 17–19. An Accused Product is depicted below:



Id. ¶ 17. The Accused Products "have substantially the same technical and ornamental features" as the Product. Id. ¶ 19. Green Brothers has knowledge

of the Patents and the Trademark. Id. ¶¶ 20, 29. Despite this, Green Brothers advertises and sells the Accused Products on Facebook and in physical stores. Id. ¶¶ 26, 27.

Stache brings claims against Green Brothers in seven counts. In Counts I–III, Stache brings claims for direct infringement of the first three Patents under 35 U.S.C. § 271(a). Id. at 10–12. In Count IV, Stache brings a claim for direct infringement of the Design Patent. Id. at 13. In Count V, Stache brings a claim for direct trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114. Id. at 13–15. In Count VI, Stache brings a claim for unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Id. at 15–16. And in Count VII (mistakenly labeled "Count VI"), Stache brings a claim for unfair competition under Florida common law. Id. at 16–17.

## II.    Legal Standard

Rule 55 governs the procedure for a plaintiff to obtain a default judgment after a defendant fails to plead or defend. See generally Fed. R. Civ. P. 55. Under Rule 55(a), the Clerk of the Court must enter a default against a defendant that fails to plead or otherwise defend. Id. 55(a). Under Rule 55(b), a plaintiff that obtains a default against a defendant must ordinarily apply to the Court for a default judgment. Id. 55(b). The standard to obtain a default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim."

Surtain, 789 F.3d at 1245. Accordingly, "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [but] he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation omitted). The admitted allegations are then tested against the familiar Twombly/Iqbal standard for a motion to dismiss,[4] under which "a court looks to see whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted) (alteration in original).

Generally speaking, "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (holding that the district court erred by awarding damages without holding a hearing when statutory damages could range from $250 to over $10,000).[5] However, no hearing is necessary where all the evidence of damages is already in the record. See Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) ("The district court may forego a hearing 'where all essential evidence is already of record.'" (quoting S.E.C. v. Smyth, 420 F.3d 1225, 1232

---

[4] See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

n.13 (11th Cir. 2005))); Fed. R. Civ. P. 55(b)(2) (authorizing district courts to conduct hearings to "determine the amount of damages," "establish the truth of any allegation," or "investigate any other matter" required to enter a default judgment). As such, where a defendant, by his default, has admitted the plaintiff's well-pleaded factual allegations of damages, no hearing is required. Giovanno, 804 F.3d at 1366.

### III.    Discussion[6]

### A.    Patent Claims

35 U.S.C. § 271(a) states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States … during the term of the patent therefor, infringes the patent." See also Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1378 (Fed. Cir. 2017) ("One who 'makes' a patented invention without authorization infringes the patent." (quoting Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc., 637

---

[6] As a preliminary matter, the Court finds that the exercise of jurisdiction over both the claims presented and Green Brothers is proper. The Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question jurisdiction) and over the state law claim under 28 U.S.C. § 1367 (supplemental jurisdiction) because the state law claim is "so related to" the federal claims that it "form[s] part of the same case or controversy." See 28 U.S.C. § 1367(a).

The Court has personal jurisdiction over Green Brothers because Green Brothers is incorporated in Florida. See Complaint ¶ 6; Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction.'" (citation omitted) (alteration and omission in original)). Stache served process on Green Brothers by service on its registered agent Sara Khaldoun. See Verified Return of Service (Doc. 10), filed May 28, 2024.

F.3d 1269, 1290 (Fed. Cir. 2011)). For a plaintiff to plausibly allege that a defendant directly infringed its patent, the plaintiff, through the complaint, must "place the alleged infringer 'on notice of what activity … is being accused of infringement.'" Id. at 1379 (quoting K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1284 (Fed. Cir. 2013)) (omission in original). The Federal Circuit has explained that a patent infringement claim must satisfy five elements at the pleading stage.[7] The plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013); see also O.E. Wheel Distribs., LLC v. Mobile Hi-Tech Wheels, LLC, No. 8:21-cv-2573-CEH-SPF, 2022 WL 2918028, at *8 (M.D. Fla. July 25, 2022).[8]

---

[7] The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction … of an appeal from a final decision of a district court" in any civil action "relating to patents." 28 U.S.C. § 1295(a). Generally speaking, the Federal Circuit applies its own precedent to resolving issues unique to patents and regional circuit law to nonpatent and procedural issues. See Biodex Corp. v. Loredan Biomed., Inc., 946 F.2d 850, 857–58 (Fed. Cir. 1991) ("[O]ur practice has been to defer to regional circuit law when the precise issue involves an interpretation of the [Rules] or the local rules of the district court."). Accordingly, to determine whether the Complaint states a plausible claim to relief under patent law, the Court applies the substantive law of the Federal Circuit.

[8] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

"[I]nfringement of a design patent is based on the design as a whole, not on any 'points of novelty.'" Hall, 705 F.3d at 1363 (quoting Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc)). The Federal Circuit has explained that "[t]he criterion is 'if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other … .'" Id. (quoting Gorham Co. v. White, 81 U.S. 511, 528 (1871)).

Here, the Court readily concludes that, deeming Green Brothers to have admitted the factual allegations in the Complaint, Green Brothers plausibly infringed Stache's Patents. In the Complaint, Stache provided each Patent, along with photographs of Stache's Product and the Accused Products. See generally Complaint. Stache cited to 35 U.S.C. § 271(a) and recited the Gorham standard, as quoted above in Hall. See id. ¶¶ 33, 39, 45, 52. Stache alleged that Green Brothers sells the Accused Products, which "operate identically" to the Product and "have substantially the same technical and ornamental features" as the Product. Id. ¶¶ 17–19. These allegations are consistent with the photos provided, which show that the two products appear nearly identical. Id. ¶¶ 16, 17. Accordingly, default judgment is due to be granted to the extent that Green Brothers is liable to Stache for the patent infringement claims in Counts I–IV.

B.    Trademark and Unfair Competition Claims

Congress regulates trademarks primarily through the Lanham Act. <u>See</u> <u>Jack Daniel's Props., Inc. v. VIP Prods. LLC</u>, 599 U.S. 140, 145 (2023) (calling the Lanham Act "the core federal trademark statute"). Relevant here are § 32 and § 43(a) of the Lanham Act (15 U.S.C. § 1114(1) and § 1125(a), respectively). Section 32 provides a civil remedy to a plaintiff when a defendant has directly infringed a trademark that the plaintiff registered. 15 U.S.C. § 1114(1)(a). Section 43(a) provides broader remedies, which apply to unfair competition generally and regardless of the fact that the trademark has not been registered. 15 U.S.C. § 1125(a). <u>See</u> <u>Matal v. Tam</u>, 582 U.S. 218, 225 (2017) ("Section 43(a) prohibits a broader range of practices than does § 32 … ." (citations omitted)). In either case, a remedy is available when the defendant's use of the plaintiff's protectable mark is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. §§ 1114(1), 1125(a); <u>see also</u> <u>Jack Daniel's Props.</u>, 599 U.S. at 147.

"The likelihood of confusion analysis involves two steps." <u>FCOA LLC v.</u> <u>Foremost Title & Escrow Servs. LLC</u>, 57 F.4th 939, 947 (11th Cir. 2023). "At step one, the court considers several factors which can provide circumstantial

evidence of likelihood of confusion." Id.[9] "At step two, the court weighs each of the relevant circumstantial facts—independently and then together—to determine whether the ultimate fact, likelihood of confusion, can reasonably be inferred." Id.

Congress permits trademark holders to register their marks on the "Principal Register." See 15 U.S.C. § 1051. Registration of a mark on the Principal Register confers various benefits on the holder of the mark. Matal, 582 U.S. at 226. Registration "(1) serves as constructive notice of the registrant's claim of ownership of the mark; (2) is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate; and (3) can make a mark incontestable once a mark has been registered for five years." Id. at 226–27 (internal quotation marks and citations omitted).

---

[9] The Eleventh Circuit has recognized seven factors relevant to the likelihood-of-confusion inquiry:

> (1) the strength of the allegedly infringed mark; (2) the similarity of the infringed and infringing marks; (3) the similarity of the goods and services the marks represent; (4) the similarity of the parties' trade channels and customers; (5) the similarity of advertising media used by the parties; (6) the intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

FCOA, 57 F.4th at 947. Courts also consider consumer sophistication. Id.

Here, the Court readily concludes that, deeming Green Brothers to have admitted the factual allegations in the Complaint, Stache plausibly shows that Green Brothers directly infringed Stache's Trademark, "Rig in One," in violation of § 1114. Stache has registered the Trademark on the Principal Register, which is prima facie evidence that Stache owns the mark and has the exclusive right to use it in connection with oral vaporizers. See Trademark Registration. Nevertheless, the photographs provided show that Green Brothers uses the identical mark to brand a nearly identical product and market that product through similar channels (the internet), presumably to an overlapping pool of potential customers. See Complaint ¶¶ 3, 16, 17, 26. It can be reasonably inferred that Green Brothers's use of the mark in this way is likely to cause confusion and to deceive consumers as to the origin of the Accused Product. See 15 U.S.C. § 1114; FCOA, 57 F.4th at 947.

If the allegations in the Complaint meet the elements of direct infringement under § 1114, the same allegations meet the elements of an unfair competition claim under 15 U.S.C. § 1125(a) or Florida common law. Gift of Learning Found., Inc. v. TGC, Inc., 329 F.3d 792, 802 (11th Cir. 2003). Notably, each claim requires a showing of a likelihood of confusion. See Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193, 1193 n.4 (11th Cir. 2001); PetMed Express, Inc. v. MedPets.Com, Inc., 336 F. Supp. 2d 1213,

1217–18 (S.D. Fla. 2004), <u>abrogated on other grounds by</u> <u>Tobinick v. Novella</u>, 884 F.3d 1110 (11th Cir. 2018).[10] Because Stache has made the requisite showing, default judgment is due to be granted as to the trademark claim in Count V as well as the unfair competition claims in Counts VI and VII.

    C.    Damages

    In a patent infringement action, 35 U.S.C. § 284 provides that the court "shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." <u>Id.</u>; <u>see also</u> 35 U.S.C. § 289 (providing for damages in design-patent actions). The court may increase the damages to up to "three times the amount found or assessed." 35 U.S.C. § 284. Although the text of the Patent Act contains no explicit limits on a court's discretion to impose increased damages, the Supreme Court has held that "[c]onsistent with nearly two centuries of

---

[10] Unfair competition and trademark infringement claims do not always rise and fall together because "there are some instances where a defendant is guilty of competing unfairly without having technically infringed," <u>see</u> <u>Chow v. Chak Yam Chau</u>, 555 F. App'x 842, 848 (11th Cir. 2014) (quoting <u>Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.</u>, 514 F.2d 665, 671 (5th Cir. 1975)), but here, Stache does not allege any facts to suggest any unfair competition besides direct trademark infringement.

    In citing to <u>Chow</u>, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

enhanced damages under patent law, … such punishment should generally be reserved for egregious cases typified by willful misconduct." Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 106 (2016).

Turning to the trademark infringement claims, 15 U.S.C. § 1117 provides for actual damages or statutory damages. The plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Absent extenuating circumstances, damages shall be trebled if the defendant intentionally used the mark knowing it to be counterfeit. 15 U.S.C. § 1117(b). Instead of seeking actual damages, however, a plaintiff may elect to pursue statutory damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed." 15 U.S.C. § 1117(c). If the infringement was willful, the statutory cap increases to $2,000,000. Id. Damages are not available under § 32 of the Lanham Act to a plaintiff with a registered mark unless the plaintiff "display[s] with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle" or the defendant "had actual notice of the registration." 15 U.S.C. § 1111.

Here, Stache has provided no documentation or evidence of any kind to support an award of actual damages. See generally Motion. Indeed, Stache does not even request a specific amount of damages in the Motion. See generally id.

As such, consistent with the holding of <u>United Artists Corp.</u>, upon entry of this Order Stache may move the Court for an evidentiary hearing to support an award of actual damages. See <u>United Artists Corp.</u>, 605 F.2d at 857; <u>Giovanno</u>, 804 F.3d at 1366; Fed. R. Civ. P. 55(b)(2).[11]

If Stache instead opts to request statutory damages, Stache must include a memorandum of law addressing its entitlement to statutory damages. In the memorandum, Stache should, in addition to addressing any other matters it deems necessary, specify the source(s) of law for statutory damages, request specific amount(s) of statutory damages, and explain the reasonableness of the requested relief in light of the purposes of assessing damages in patent and trademark actions. See, e.g., <u>Max'is Creations Inc. v. Individuals, P'ships, & Uninc. Ass'ns Identified on Schedule "A"</u>, No. 23-CV-20341, 2023 WL 9067769,

---

[11] If Stache moves for an evidentiary hearing on actual damages, it must include a memorandum of law addressing (1) the claim(s) for which it believes actual damages may be awarded, and how it proposes to calculate damages for those claims, <u>see, e.g., Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.</u>, 889 F.2d 1018, 1024 (11th Cir. 1989) (Under Florida law, "[c]ommon law owners of unregistered marks are limited to common law remedies in infringement actions"); (2) if Stache seeks damages under multiple claims, how damages will be calculated to avoid double recovery, <u>see, e.g, Aero Prods. Intern., Inc. v. Intex Recreation Corp.</u>, 466 F.3d 1000, 1016–20 (Fed. Cir. 2006) (holding that double recovery of patent and trademark damages is not permitted); <u>Ramada Inns, Inc. v. Gadsden Motel Co.</u>, 804 F.2d 1562, 1565–67 (11th Cir. 1986) (holding that a plaintiff could recover both liquidated damages for the breach of a franchise agreement and damages for trademark infringement even though each form of damages was calculated similarly because the two forms of damages compensated the plaintiff for separate wrongs); (3) if Stache seeks damages under multiple claims, whether damages must be apportioned between those claims; (4) for each claim of damages, how the "start date" of damages should be determined, including the application of 15 U.S.C. § 1111, if relevant; and (5) any other matters pertaining to damages Stache deems relevant.

at *15 (S.D. Fla. Nov. 13, 2023), <u>report and recommendation adopted sub nom.</u> <u>Max'is Creations Inc. v. Individuals, P'ships, & Uninc. Ass'ns identified on Sched. "A"</u>, No. 23-20341-CIV, 2023 WL 8540897 (S.D. Fla. Dec. 11, 2023) ("The amount of statutory damages awarded should be sufficient to compensate the trademark owner <u>and</u> deter the defendant and others from infringing on that trademark.").

While a hearing is necessary to address the amount of any damage award, willfulness can be decided as a matter of law based on the allegations in the Complaint. <u>See</u> <u>id.</u> at *16. "Willful infringement may be inferred where, as here, a defendant is willing to accept a default judgment." <u>Id.</u> (citation omitted). Upon review, the Court concludes that Stache's allegations in the Complaint and Green Brothers's subsequent conduct in the litigation both support the inference that Green Brothers willfully infringed the Patents and the Trademark. Indeed, Stache alleged that Green Brothers knew about the Patents and Trademark and infringed them anyway. <u>See</u> Complaint ¶¶ 20, 29. These allegations are supported by the striking similarity between the Accused Product and the Product, and the fact that Green Brothers employed a mark identical to the Trademark. <u>See</u> <u>id.</u> ¶¶ 15–17, 26. The similarity between the two products also supports the inference that the Accused Product is an intentional knock-off, not one that is merely coincidentally similar. And Green

- 15 -

Brothers's default and complete failure to appear support the conclusion that the infringement was intentional. See Max's Creations, 2023 WL 9067769, at *16.

    D.    Permanent Injunction

Both the Lanham Act and the Patent Act provide that district courts may issue injunctions to prevent infringement. See 35 U.S.C. § 283 (patent); 15 U.S.C. § 1116 (trademark). In either case, the court may grant a permanent injunction "in accordance with the principles of equity." 35 U.S.C. § 283; 15 U.S.C. § 1116; see eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391–92 (2006). The principles of equity require that, to obtain a permanent injunction:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, 547 U.S. at 391. Under the most recent version of § 1116, enacted in 2020, a plaintiff seeking an injunction to protect trademark rights is entitled to a rebuttable presumption of irreparable harm upon a finding that its trademark has been infringed. 15 U.S.C. § 1116(a); see also Sprint Comms., Inc. v. Calabrese, No. 22-11717, 2024 WL 1463416, at *5 (11th Cir. Apr. 4, 2024). And even after eBay, the Eleventh Circuit has said that "[i]n 'ordinary trademark infringement actions … complete injunctions against the infringing party are

the order of the day.'" Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F.3d 1200, 1209 (11th Cir. 2008) (citation omitted) (omission in original). As to patent infringement cases, a finding of irreparable harm is typically justified in "traditional cases," in which the defendant directly infringed the plaintiff's patent and marketed the infringing product to the same pool of potential customers. See, e.g., Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1148–55 (Fed. Cir. 2011).

Here, the Court finds that Stache has satisfied the elements required to obtain a permanent injunction to prevent Green Brothers from continuing to infringe Stache's Patents and Trademark. As to an injunction against trademark infringement, Stache is entitled to a rebuttable presumption of irreparable injury. See 15 U.S.C. § 1116(a). Considering Green Brothers has failed to appear in or defend this action, the presumption is not overcome. Stache is also entitled to a finding of irreparable injury as to the Patents because the facts Stache alleged in the Complaint demonstrate that this is a "traditional case" of patent infringement in which Green Brothers directly infringed Stache's patents and marketed the infringing products to an overlapping pool of potential customers. See Complaint ¶¶ 3, 16–19, 26–29; Robert Bosch, 659 F.3d at 1149 ("Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that

like cases should be decided alike." (quoting <u>eBay</u>, 547 U.S. at 395 (Roberts, C.J., concurring) (quoting <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 139 (2005)))). Green Brothers's failure to appear to defend this action also supports the inference that it will not be able to satisfy a judgment, further supporting a finding of irreparable injury. <u>See</u> <u>Robert Bosch</u>, 659 F.3d at 1152–55 (the defendant's likely inability to satisfy a judgment supports a finding of irreparable injury).

While money damages are available to a plaintiff whose intellectual property has been infringed, such damages typically do not adequately compensate for the injury suffered because they are unable to account for harms like reputational harm, loss of customer goodwill, and the creation of confusion in the marketplace. <u>See</u> <u>Chanel, Inc. v. Matos</u>, 133 F. Supp. 3d 678, 689 (D.N.J. 2015) ("[A]lthough a remedy at law would provide some degree of monetary relief, it would not adequately compensate Plaintiff for the reputational and goodwill injury associated with the distribution of low-quality counterfeit goods, nor would it necessarily prevent, or even impede, future trademark infringement."). Considering the balance of hardships, the Court can discern no hardship that Green Brothers will suffer merely by being prevented from infringing on Stache's lawful Patents and registered Trademark. And the public interest will not be disserved, as protecting intellectual property rights serves

both the property holder and the public at large. See <u>Jack Daniel's Props.</u>, 599 U.S. at 146 ("A source-identifying mark enables customers to select 'the goods and services that they wish to purchase, as well as those they want to avoid.'" (quoting <u>Matal</u>, 582 U.S. at 224)).

In the Motion, Stache does not specifically identify what conduct it seeks to enjoin. <u>See generally</u> Motion; <u>see also</u> Fed. R. Civ. P. 65(d) ("Every order granting an injunction and every restraining order must … (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."). Accordingly, while the Court finds that Stache is entitled to an appropriate injunction, the Court will defer entry of an injunction and direct Stache to provide supplemental briefing on proposed injunctive language. In drafting proposed injunctive language, Stache is cautioned that an injunction that "does no more than instruct a defendant to 'obey the law'" is typically incapable of judicial enforcement. <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1201 (11th Cir. 1999) (quoting <u>Payne v. Travenol Labs., Inc.</u>, 565 F.2d 895, 898 (5th Cir. 1978)).

E.    Costs

A plaintiff that prevails in a patent or trademark case is entitled to an award of costs. 35 U.S.C. § 284 (patent); 15 U.S.C. § 1117(a) (trademark); see also Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Upon the determination of appropriate remedies and entry of judgment, Stache will be entitled to an award of costs. At that time, Stache can move for an award of costs that specifies costs it seeks to recover.[12]

F.    Attorney's Fees

"[I]n exceptional cases," a party prevailing in a patent or trademark action can recover reasonable attorney's fees. 35 U.S.C. § 285 (patent); 15 U.S.C. § 1117(a) (trademark). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v.

---

[12] 28 U.S.C. § 1920 identifies the categories of costs subject to taxation. If Stache seeks recovery of costs beyond those identified in § 1920, it must provide authority for an award of such costs. Notably, costs include "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Fees of the marshal include fees incurred in serving process, even if service was effectuated by a private process server, but such fee cannot exceed the statutory fee that the marshal would be authorized to collect. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). The marshal may collect $65 an hour for each item served, plus the costs of travel, out-of-pocket expenses, and copies. 28 C.F.R. § 0.114(a).

ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014) (interpreting 35 U.S.C. § 285); see also Tobinick, 884 F.3d at 1116–18 (applying Octane Fitness to 15 U.S.C. § 1117(a)). Willfully infringing a patent or trademark and completely failing to appear can each justify an award of attorney's fees. See, e.g., Max'is Creations, 2023 WL 9067769, at *16–18; see also McNeil-PPC, Inc. v. Perrigo Co., 337 F.3d 1362, 1371 (Fed. Cir. 2003) (applying a higher, pre-Octane Fitness standard for "exceptional cases" and noting that willful infringement can form the basis of an attorney's fee award under 35 U.S.C. § 285).

Here, given the Court's finding that Green Brothers willfully infringed Stache's Patents and Trademark, and the fact that Green Brothers has failed to appear or defend this action in any way, the Court concludes that this is an "exceptional case" under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a). Upon the determination of appropriate remedies and entry of judgment, Stache will be entitled to an award of attorney's fees. At that time, Stache can move for an award of fees that complies with Rule 7.01(c), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 7.01(c) sets forth a procedure for obtaining an award of attorney's fees after the entry of an order determining entitlement to fees.[13]

---

[13] The Court notes that ordinarily, Local Rule 7.01(b) requires a party seeking attorney's fees to file a motion to determine entitlement after the entry of judgment. Given the fact that this is a default judgment action and Stache adequately briefed entitlement to

## IV. Conclusion

The Court finds that default judgment is due to be granted to the extent that Green Brothers is found liable to Stache for all claims Stache brings in the Complaint. The Court finds that Stache will be entitled to the entry of a permanent injunction contingent on Stache filing a motion that adequately specifies the conduct to be enjoined, includes proposed injunctive language, and explains why the proposed language is appropriate. Stache may also move for actual or statutory damages. The Court concludes that Green Brothers willfully infringed Stache's Patents and Trademarks. Last, upon the resolution of the foregoing matters and the entry of final judgment in Stache's favor, the Court will entertain any motions for costs taxable under 28 U.S.C. § 1920 or attorney's fees under Local Rule 7.01(c).

Accordingly, it is

**ORDERED:**

1.   Stache Products, LLC's Motion for Final Default Judgment and Incorporated Memorandum of Law (Doc. 16) is **GRANTED IN PART**.

---

fees in the Motion, in the interests of efficiency, the Court will not require a separate post-judgment motion on entitlement to fees under Local Rule 7.01(b), but Stache must still file a post-judgment motion addressing the amount of fees in accordance with Local Rule 7.01(c).

2.  The Motion is **GRANTED** to the extent that the Court finds that Green Brothers is **LIABLE** to Stache Products as to the following claims in the Complaint: **Count I** (direct infringement of the '006 Patent); **Count II** (direct infringement of the '244 Patent); **Count III** (direct infringement of the '252 Patent); **Count IV** (direct infringement of the '933 Patent); **Count V** (direct infringement of the trademark, Rig in One, under 15 U.S.C. § 1114); **Count VI** (unfair competition under 15 U.S.C. § 1125); and **Count VII** (unfair competition under Florida common law).

3.  In all other respects, the Motion is **DENIED without prejudice**.

4.  If Stache seeks an award of damages and/or the entry of a permanent injunction, Stache shall file a motion in accordance with the directives of this Order on or before **June 12, 2025**.

*(remainder of page intentionally left blank)*

- 23 -

5.   Upon the entry of final judgment in Stache's favor, Stache may move for awards of attorney's fees and costs in accordance with the directives of this Order. Stache will not be required to brief the entitlement to fees and costs but must brief the amount of fees and costs sought and the legal basis for those amounts.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of May, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record