# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

STACHE PRODUCTS, LLC,

     Plaintiff,

v.                                          Case No. 3:24-cv-519-MMH-LLL

GREEN BROTHERS WHOLESALE
INC., d/b/a Mr. Green Wholesale
Florida,

     Defendant.

_____

## O R D E R

     **THIS CAUSE** is before the Court on Plaintiff, Stache Products, LLC's (Stache), Motion for Entry of Final Judgment and Permanent Injunction (Doc. 24; Motion), filed July 3, 2025. Defendant, Green Brothers Wholesale, Inc. (Green Brothers), did not respond to the Motion and the time to do so has passed. Accordingly, this matter is ripe for review.

     In an Order entered on May 29, 2025, the Court granted, in part, Stache's motion for default judgment against Green Brothers. See Order (Doc. 21; Order Granting Default Judgment) at 22. In doing so, the Court found Green Brothers liable for all claims Stache brings in its Complaint for Patent Infringement, Trademark Infringement and Unfair Competition (Doc. 1; Complaint), filed May 21, 2024. Id. Specifically, the Court found Green Brothers liable for the

patent infringement alleged in Counts I–IV, the trademark infringement alleged in Count V, the federal unfair competition alleged in Count VI, and the state unfair competition alleged in Count VII. <u>Id.</u> at 23. And the Court determined that "Stache will be entitled to the entry of a permanent injunction contingent on Stache filing a motion that adequately specifies the conduct to be enjoined, includes proposed injunctive language, and explains why the proposed language is appropriate." <u>Id.</u> at 22. In the Motion, Stache now seeks the entry of a Final Default Judgment and Permanent Injunction (Doc. 24-1; Proposed Permanent Injunction).

As a preliminary matter, the Court notes that Stache largely failed to comply with the Court's directive to explain why its proposed injunctive language is appropriate. Indeed, Stache's "explanation" consists of a single conclusory sentence and a citation to two district court cases. <u>See</u> Motion ¶ 3 ("The proposed language for a permanent injunction is appropriate to enjoin Defendant's further trademark and patent infringement."). And it is not readily apparent how either cited case supports Stache's proposed language. <u>See</u> <u>DuraServ LLC v. Action Garage Door Repair Corp.</u>, No. 2:24-CV-996-JLB-KCD, 2025 WL 1195724, at *6 (M.D. Fla. Feb. 12, 2025), <u>report and recommendation</u> <u>adopted</u>, No. 2:24-CV-996-JLB-KCD, 2025 WL 1194205 (M.D. Fla. Apr. 24, 2025); <u>XYZ Corp. v. Individuals, P'Ships & Uninc. Ass'ns Identified on Sched.</u> <u>"A"</u>, No. 24-cv-22971-ALTMAN, 2025 U.S. Dist. LEXIS 12917 (S.D. Fla. Jan. 21,

2025). The Court considered denying the Motion without prejudice for this reason. Instead, in the interest of judicial economy, the Court proceeds to the merits and determines that it will grant the Motion with minor modifications.

To obtain entry of the Proposed Permanent Injunction, Stache must satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure (Rule(s)). Upon review, the Court finds that the Proposed Permanent Injunction in its current form fails to comply with the requirements of Rule 65 in one minor respect. Additionally, the Court finds that one subsection of the Proposed Permanent Injunction is overbroad. As such, the Court will grant the Motion and enter the Proposed Permanent Injunction with the following revisions.

In the Proposed Permanent Injunction, Stache identifies the persons bound by the order as follows: "Mr Green Wholesale Florida, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns[.]" See Proposed Permanent Injunction ¶¶ 3(a)–3(c). Although this language is consistent with subparagraphs (A)–(C) of Rule 65(d)(2), it fails to include the limiting language found in Rule 65(d)(2) that an injunction binds only those persons "who receive actual notice of it by personal service or otherwise." See Fed. R. Civ. P. 65(d)(2). To ensure that any injunction entered by the Court accurately reflects those persons who will be bound by its directives, the Court will insert language in paragraphs 3(a), 3(b), and 3(c)

limiting the reach of the injunction to those persons who receive actual notice of it.

In paragraph 3(a)(a) of the Proposed Permanent Injunction, Stache seeks to enjoin Green Brothers "[f]rom manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the federally registered mark RIG IN ONE (the 'RIG IN ONE Mark') or any confusingly similar trademark, other than those actually manufactured or distributed by [Stache][.]" See Proposed Permanent Injunction ¶ 3(a)(a).[1] On its face, this injunction would prohibit lawful conduct, such as uses of the RIG IN ONE Mark that are not likely to produce customer confusion. As the Court explained in the Order Granting Default Judgment, a defendant is liable for direct trademark infringement "when the defendant's use of the plaintiff's protectable mark is 'likely to cause confusion, or to cause mistake, or to deceive.'" See Order Granting Default Judgment at 9 (quoting 15 U.S.C. §§ 1114(1), 1125(a)). Stache's Proposed Permanent Injunction would prohibit all use of the RIG IN ONE Mark, not only those uses that are "likely to cause confusion, or to cause mistake, or to deceive." As such, the Proposed Permanent Injunction is overbroad. Significantly, the only acts of trademark infringement that Stache challenged in its Complaint (and that Green Brothers admitted due

---

[1] The Court finds Stache's use of (a) and (b) to denote subsections to paragraph 3(a) confusing and will renumber these subsections (i) and (ii).

to its default) related to the marketing and sale of oral vaporizers. See Complaint ¶¶ 26–31; see also Ala. v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). Accordingly, the Court will modify the Proposed Permanent Injunction such that paragraph 3(a)(a) applies only to uses of the RIG IN ONE Mark in connection with oral vaporizers.

With these revisions, the Court finds it appropriate to grant the relief requested. As such, the Court will approve the Proposed Permanent Injunction, as revised, and enter it as the Court's judgment in this case. Accordingly, it is

**ORDERED:**

1.    Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction (Doc. 24) is **GRANTED to the extent set forth below** and otherwise, **DENIED**.

2.    The Court will enter the Proposed Permanent Injunction revised to reflect that it binds only those persons "who receive actual notice of it by personal service or otherwise" and that the prohibition on the use of Stache's trademark RIG IN ONE applies only to uses in connection with oral vaporizers.

3.    Upon entry of the Judgment, the Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of December, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record